UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KENYA McNEILL,

        Plaintiff,

v.                   6:15-CV-1473
                         (GTS/TWD)

RAMOURS FURNITURE COMPANY, INC.,

        Defendant.
_____

APPEARANCES:               OF COUNSEL:

KENYA McNEILL
 Plaintiff, *Pro Se*
147 Main Street, 2nd Floor Front
Whitesboro, NY 13492

LITTLER, MENDELSON LAW FIRM       PAMELA S.C. REYNOLDS, ESQ.
 Counsel for Defendant
375 Woodcliff Drive, 2nd Floor
Fairport, NY 14450

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

   Currently before the Court, in this *pro se* employment discrimination action under Title VII of the Civil Rights Act of 1964 filed by Kenya McNeill ("Plaintiff") against Ramours Furniture Company, Inc. ("Defendant"), is Defendant's motion, pursuant to Section 9 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, to confirm an arbitration opinion and award ("Arbitration Award") rendered against Plaintiff by an arbitrator of the American Arbitration Association ("AAA") on December 14, 2018. (Dkt. No. 41, Attach. 1.) For the reasons set forth below, Defendant's motion is granted, the Arbitration Award is confirmed, and

Plaintiff's Complaint is dismissed.

I.  **RELEVANT BACKGROUND**

   A.  **Relevant Factual History**

Plaintiff applied for employment with Defendant in 2013 as a part-time Backroom Associate, and was hired on December 19, 2013. (Dkt. No. 45, at 31 [attaching page "2" of Ex. 4 to Arbitration Decision and Order].) While employed on or about March 13, 2014, Plaintiff entered into an Employment Arbitration Program agreement (i.e., "EAP"). (*Id*.) More specifically, Plaintiff signed the Associate's Agreement and Consent form, agreeing to the terms and conditions of the EAP. (Dkt. No. 9, Attach. 3, at 2-3, 11-12.) The EAP agreement, among other things, provided that any and all employment-related disputes arising out of Plaintiff's employment would be arbitrated confidentially. (*Id*.) Plaintiff's employment was terminated on December 15, 2014. (*See generally* Dkt. No. 14.)

Following termination, Plaintiff filed a civil action against Defendant, asserting claims of retaliation and discrimination on the basis of his race, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. (Dkt. No. 1 [Pl.'s Compl.].) On March 3, 2016, Defendant filed a motion to compel arbitration. (Dkt. No. 9.) On December 5, 2016, through a Decision and Order, this Court granted Defendant's motion to compel arbitration, and stayed the action pending the completion of arbitration. (Dkt. No. 14 [Decision and Order filed Dec. 5, 2016].)

   B.  **Arbitration Award**

Plaintiff selected the AAA as the forum in which to conduct arbitration, and both parties agreed to the appointment of Jeffery D. Pollack as the Arbitrator. (Dkt. Nos. 14, 15.) On

December 14, 2018, the AAA issued Arbitrator Pollock's Opinion and Award, which denied all of Plaintiff's claims for relief. (*See generally* Dkt. No. 41, Attach. 1.) Specifically, the Arbitrator's Award provided as follows: (1) all of Plaintiff's claims of discrimination and retaliation are denied and dismissed; (2) the administrative fees and expenses of the AAA (totaling $3,050.00) and the compensation and expense of the Arbitrator (totaling $21,225.00) shall be borne in accordance with provisions of the personnel manual or employment agreement; (3) the Award is "in full settlement of all claims and counterclaims submitted to this Arbitration" and all claims not expressly granted therein are denied; and (4) the Award "may be executed in any number of counterparts, . . . all of which shall constitute together one and the same instrument." (*Id*. at 21-22.)

### C. Parties' Arguments on Defendant's Motion

Generally, in its motion, Defendant asserts three arguments: (1) Plaintiff waived his right to pursue in court employment-related claims, including those asserted in this case, and agreed to be bound by arbitration conducted in accordance with the EAP; (2) the Arbitration was conducted fairly, reasonably and properly, with no evidence of misconduct or corruption; and (3) no manifest disregard of the law was present in Arbitration. (*See generally,* Dkt. No. 41, Attach. 1.)

Generally, liberally construed, Plaintiff's two-page response asserts two arguments: (1) the Order sealing the Arbitration Award and Defendant's motion should be reversed; and (2) the overall findings of the Arbitrator are erroneous. (*See generally* Dkt. No. 46.) More specifically, Plaintiff sets forth an argument regarding his right (and the public's right) to access court materials under the First Amendment. (*Id*.)

3

In reply, Defendant asserts the following two arguments: (1) Plaintiff's response neither cites legal authority nor provides any basis for declining to confirm the Arbitration Award; and (2) this Court properly granted Defendant's motion to seal both the Arbitration Award and the motion to confirm the Arbitration Award. (*See generally* Dkt. No. 47 [Def.'s Reply Mem. of Law.].)

## II. GOVERNING LEGAL STANDARDS

### A. Legal Standard Governing Review of Arbitration Award

"The review of arbitration awards is generally governed by the FAA." *In re Arbitration Before New York Stock Exch., Inc.*, 04-CV-0488, 2004 WL 2072460, at *5 (S.D.N.Y. Sept. 8, 2004) (citing *Halligan v. Piper Jaffray, Inc.*, 148 F.3d 197, 201 [2d Cir.1998], *cert. denied*, 526 U.S. 1034 [1999]). "Arbitration awards are subject to very limited review in order to avoid undermining the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation." *Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp.*, 103 F.3d 9, 12 (2d Cir.1997). "Pursuant to 9 U.S.C. § 9, any party to an arbitration may apply to a federal court for an order confirming the award resulting from the arbitration, and the court 'must grant . . . an order [confirming the arbitration award] unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.'" *In re Arbitration Before New York Stock Exch., Inc.*, 2004 WL 2072460, at *5 (quoting 9 U.S.C. § 9) (other citations omitted).

"The Court of Appeals for the Second Circuit 'adhere[s] firmly to the proposition . . . that an arbitration award should be enforced, despite a court's disagreement with it on the merits, if there is a barely colorable justification for the outcome reached.'" *Id.* (quoting *Landy Michaels*

*Realty Corp. v. Local 32B-32J*, 954 F.2d 794, 797 [2d Cir.1992]) (other citations omitted).

> The FAA provides that an arbitration award may be vacated: (1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators, or either of them; (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

*Id*. at *5-6 (quoting 9 U.S.C. § 10[a]).

"The burden of establishing the existence of one of the grounds for vacatur rests with the party seeking that form of statutory relief." *Id*. at *6 (citing *Willemijn Houdstermaatschappij*, 103 F.3d at 12) (other citations omitted).

"In addition to the statutory grounds stated in the FAA, the Second Circuit has recognized that an arbitration award may be vacated 'if it is in manifest disregard of the law.'" *Id*. (quoting *Halligan*, 148 F.3d at 202) (other citations omitted). "Manifest disregard clearly means more than error or misunderstanding with respect to the law." *Id*. (citations omitted). "To vacate an arbitration award on the grounds of manifest disregard of the law, 'a reviewing court must find both that (1) the arbitrators knew of a governing legal principle yet refused to apply it or ignored it altogether, and (2) the law ignored by the arbitrators was well defined, explicit, and clearly applicable to the case.'" *Id*. (quoting *Greenberg v. Bear, Stearns & Co.*, 220 F.3d 22, 28 (2d Cir. 2000) (other citations omitted). "Where there is a 'colorable justification' or a 'rational basis' for an award, it is not in 'manifest disregard of the law.'" *Id*. (citations omitted). "Review of arbitration awards for manifest disregard is 'severely limited.'" *Id*. (citations omitted).

5

## III. ANALYSIS

After carefully considering the matter, the Court finds that the Arbitration Award should be confirmed for the reasons stated by Defendant in its motion papers. (Dkt. No. 45 [Def.'s Mem. of Law].) To those reasons, the Court adds only the following analysis.

As an initial matter, the Court finds, based on the current record, that Plaintiff voluntarily signed the EAP agreement. The EAP agreement clearly and expressly states that, by signing the agreement, Plaintiff agrees to arbitrate all claims regarding his employment against Defendant under the terms of the Program. (Dkt. No. 45, Attach. 3 at 11-12 [Ex. 1 to EAP Terms].) Plaintiff has not provided any reason as to why this agreement is somehow unenforceable. As a result, the Court finds that the Arbitrator had jurisdiction to preside over the parties' dispute. *See Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 67-68 (2010) (noting that the FAA places arbitration agreements on an equal footing with contracts and therefore courts are required to enforce them according to their terms provided no applicable contract defense would suggest it should be invalidated); *Tarulli v. Circuit City Stores, Inc.*, 333 F. Supp. 2d 151, 158 (S.D.N.Y. 2004) (finding that the plaintiff failed to show a grounds for holding the arbitration agreement was unconscionable because he voluntarily signed the agreement and knowingly accepted employment under the agreement on the condition that employment-related disputes would be settled through arbitration).

As to Plaintiff's response to Defendant's motion, this Court finds that Plaintiff has not provided any evidence to dispute the validity of the Arbitration Award, nor has he provided any

evidence in opposition to Defendant's motion.[1] Because Plaintiff has not provided any basis for declining to confirm the Arbitration Award, Plaintiff has not shown the existence of grounds to vacate the Award.

Furthermore, the Court finds that there is a rational basis for the outcome reached by the Arbitrator and that there was no evidence of misconduct, partiality or corruption on the part of the Arbitrator. In addition, there is no evidence that the Decision and Award was procured by corruption or fraud. Because the Court finds a rational basis for the Award, the Court also finds that there has not been a manifest disregard of law.

Finally, the Court is satisfied with the performance of the Arbitrator. Plaintiff and Defendant were each afforded a reasonable opportunity to present their cases. The Court therefore finds no grounds to vacate the award based on the Arbitrator's actions.

For all of these reasons, the Court confirms the Arbitration Award.

**ACCORDINGLY,** it is

**ORDERED** that Defendant's motion to confirm the Arbitration Award (Dkt. No. 46) is **GRANTED**; and it is further

**ORDERED** that the Arbitration Award (Dkt. No. 41, Attach. 1) is **CONFIRMED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED** that the Clerk of the Court shall issue a Judgment for Defendant in conformance with the Arbitration Award.

---

[1] With regard to Plaintiff's arguments as to why there should be a reversal of the Court's Order to seal both the Arbitration and the motion to confirm the Arbitration Award, this Court disregards those arguments for lack of relevance to the motion at hand.

Dated: August 1, 2019
 Syracuse, New York

Hon. Glenn T. Suddaby
Chief U.S. District Judge